# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2025

Lyle W. Cayce
Clerk

No. 24-10541
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL YEPSON-CORTEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:24-CR-4-1

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:*

Contending his sentence is substantively unreasonable, Miguel Yepson-Cortez challenges his within-Guidelines 34-months' sentence, imposed following his guilty-plea conviction for illegal reentry after removal, in violation of 8 U.S.C. § 1326. His claim lacks merit.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10541

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Yepson maintains his sentence was substantively unreasonable because the court: should have given more weight to his reasons for entry, including his fear of kidnapping in Mexico and his desire to help his ill father; and made a clear error of judgment in balancing the sentencing factors.

The sentence imposed was presumptively reasonable, and Yepson has not rebutted that presumption. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (noting our "court applies a rebuttable presumption of reasonableness to a properly calculated, within-[G]uidelines sentence"). The court properly considered the 18 U.S.C. § 3553(a) sentencing factors, the presentence investigation report (to which Yepson did not object), "the advisory guidelines range, the conduct admitted in the factual resume, . . . and all mitigating and aggravating factors". *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Moreover, the court stated it gave Yepson's motivation for reentry significant mitigating weight. Although he may disagree with how the relevant considerations were balanced by the district court, our court will not independently reweigh the above-referenced 18 U.S.C. § 3553(a) sentencing factors or substitute its judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

2

No. 24-10541

AFFIRMED.